STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@gibsonlexbury.com
DANIEL E. JOSLYN, ESQ.
Nevada Bar No. 14725
djoslyn@gibsonlexbury.com

**Gibson Lexbury LLP**
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Telephone 702.541.7888
Facsimile 702.541.7899

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SKYDIVING ADVENTURES LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., a Delaware corporation; DOES I through X, inclusive; and ROE CORPORATION I,<br><br>Defendants. | Case No.:  2:22-cv-47<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff Las Vegas Skydiving Adventures LLC ("Plaintiff" or "LV Skydiving"), by and through its counsel, Gibson Lowry LLP, complains as follows against Defendant, Groupon, Inc. ("Groupon"), Does I through X, inclusive, and Roe Corporation I (collectively, the "VFF Defendants") (collectively with Groupon, "Defendants") on information and belief, that the following are and have been true at all times relevant to this lawsuit, unless otherwise indicated specifically to the contrary:

## JURISDICTION

1. This Court has original jurisdiction over Plaintiff's First, Second, and Third Causes of Action, inclusive (the "Federal Law Causes of Action") pursuant to 15 U.S.C. § 1121(a), 15 U.S.C. § 4, and 28 U.S.C. § 1331, because the Federal Law Causes of Action arise

1

under the Sherman Act and the Lanham Act, and this Court has supplemental jurisdiction over Plaintiff's Fourth and Fifth Causes of Action (the "State Law Causes of Action") pursuant to 28 U.S.C. § 1338(b) and 1367 because the State Law Causes of Action are so related to the Federal Law Causes of Action as to form part of the same case or controversy as the Federal Law Causes of Action pursuant to Article III of the United States Constitution.

2. This Court has personal jurisdiction over Groupon under 15 U.S.C. § 22, because Groupon transacts business in the District of Nevada and is hereby the subject of a proceeding under the antitrust laws of the United States.

## NATURE OF ACTION

3. This is an action for restraint of trade under 15 U.S.C. § 1, anticompetitive commercial activity under 15 U.S.C. § 2, direct service mark infringement under 15 U.S.C. § 1114, misappropriation of commercial properties under Nevada common law, and unjust enrichment under Nevada common law. Groupon has engaged in anticompetitive conduct that involves a scheme aimed at suppressing and eliminating competition for marketing, sale, and provision of tandem tethered skydiving services in southern Nevada, in partnership with the VFF Defendants (the "Groupon/VFF Partnership"). In furtherance of that scheme, the Groupon/VFF Partnership has illegally engaged in restraint of trade and monopolistic activities, and also illegitimately engaged in infringement of LV Skydiving's registered service mark and misappropriation of LV Skydiving's commercially valuable intellectual property, which conduct has, at a minimum, resulted in the unjust enrichment of both Groupon and the VFF Defendants at LV Skydiving's expense.

## PARTIES

4. LV Skydiving is a limited-liability company organized under the laws of the State of Nevada.

5. Groupon is a corporation organized under the laws of the State of Delaware.

6. The true names and capacities, whether corporate, individual, or otherwise, of the VFF Defendants are unknown to LV Skydiving, which therefore sues such Defendants by fictitious names. LV Skydiving is informed and believes, and thereon alleges, that each

Defendant designated as a Roe Corporation or Doe Defendant is legally responsible in some manner or means for the damages to LV Skydiving, as alleged herein, either through their contractual duty or conduct, or through the conduct of their agents, servants, employees or insurers, causing injury and damages to LV Skydiving as alleged herein. LV Skydiving will ask for leave of this Court to amend this Complaint to insert the true names and capacities of the VFF Defendants, when the same have been ascertained by LV Skydiving, together with the appropriate charging allegations, and to join said Defendant(s) in this action.

## VENUE

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because LV Skydiving owns and uses the intellectual property at issue in this matter in the District of Nevada, and thus a substantial part of the property that is the subject of this action is sited in the District of Nevada.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in the District of Nevada.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because Groupon is subject to this Court's personal jurisdiction with respect to this action.

10. This case is appropriately assigned to the southern division of the District of Nevada because LV Skydiving's principal place of business is in Clark County.

## FACTS

11. LV Skydiving offers services to individuals who wish to have the experience of jumping out of an airplane while tethered to an experienced parachutist, including the marketing and sale of such services, the provision of information regarding such services, the provision of ticketing and booking allowing consumers to access such services, and the actual provision of skydiving experiences (the "Relevant Services").

12. LV Skydiving is part of the group of businesses that markets and sells the Relevant Services to residents of and visitors to southern Nevada who wish to have the experience of jumping out of an airplane while tethered to an experienced parachutist (such group of businesses in such geographic area the "Market").

13. Groupon controls, and has controlled for a significant period of time, the majority of the Market as of the filing date of this Complaint.

14. Through the partnership between Groupon and Defendant Roe Corporation and/or the Doe Defendants (the "Groupon/VFF Partnership"), the Groupon/VFF Partnership controls an even larger share of the Market than Groupon alone.

15. LV Skydiving offers the Relevant Services using the service mark FYROSITY ("LV Skydiving's Mark").

16. LV Skydiving first used LV Skydiving's Mark in commerce on June 7, 2016.

17. The United States Patent and Trademark Office granted registration number 5258918 to LV Skydiving's Mark on August 8, 2017, as depicted in Exhibit "1," attached hereto and incorporated herein.

18. Groupon operates an online business providing customers with all aspects of the Relevant Services by way of providing discount certificates that Groupon's customers may use with businesses that affiliate themselves with Groupon (the "Groupon Affiliates") (and share profits therewith) for the purpose of enabling Groupon to provide the Relevant Services (such business model, the "Groupon Scheme").

19. Groupon's own registered service mark (USPTO Serial No. 8624092) (the "Groupon Mark Registration"), as depicted in Exhibit "2," attached hereto and incorporated herein, describes the services provided by Groupon under said mark as including "online retail store services featuring goods and services" and "providing a website featuring . . . downloadable vouchers in the nature of tickets for admission" (the "Groupon Direct Services"), among numerous other services.

20. As part of the Groupon Scheme, Groupon exercises control over Groupon Affiliates, as mandated in Groupon Affiliates' contracts with Groupon (the "Groupon Affiliate Contracts"), for the purpose of the provision of the Groupon Direct Services. The standard Groupon Affiliate Contract is depicted in Exhibit "3," attached hereto and incorporated herein.

21. The Groupon Affiliate Contracts enable Groupon to control the prices charged by Groupon Affiliates, and to make changes to such prices "at any time and in Groupon's sole discretion."

22. The Groupon Affiliate Contracts enable Groupon to require Groupon Affiliates to provide Groupon access to calendars and other schedules of Groupon Affiliates, for the purpose of allowing customers to directly purchase and schedule services through Groupon.

23. The Groupon Affiliate Contracts enable Groupon to determine, at Groupon's sole discretion, which consumers and markets to which a Groupon Affiliate's services will be marketed.

24. The Groupon Affiliate Contracts allow Groupon full use of the intellectual property of Groupon Affiliates, for Groupon's own purposes.

25. Groupon serves as the primary interface and contact with customers for the Relevant Services within the Market under the Groupon Scheme.

26. Groupon provides consumers with the actual service of tandem skydiving activities through, at least in part, the control Groupon exercises over the Groupon Affiliates.

27. Groupon also provides consumers with the actual service of tandem skydiving activities through its own direct interface with the Market, as described in the Groupon Mark Registration.

28. The Groupon Mark Registration also states that Groupon provides, under said mark, "information and reviews concerning travel services and destinations," as well as a "website featuring ratings, reviews, and recommendations on events and activities" (the "Groupon Information Services").

29. The services described in the Groupon Mark Registration, including both the Groupon Direct Services and the Groupon Information Services, are directly analogous to, and in direct competition with, the Relevant Services provided by LV Skydiving.

30. Groupon directly sells tickets for the Relevant Services to consumers, as described in the Groupon Mark Registration, and therefore competes directly with LV Skydiving in the provision of the Relevant Services.

31. The Groupon Scheme includes Groupon's aggressive recruitment of all, or nearly all, of the businesses in the Market to become Groupon Affiliates.

32. The Groupon Scheme includes, without limitation, Groupon's aggressive online promotional and search optimization efforts, all of which target the Market, including, without limitation, the purchasing of advertisements for the provision of the Relevant Services by Groupon Affiliates (the "Google Advertisements").

33. The Google Advertisements are further effectuated through search engine optimization techniques which specifically target competition with non-Groupon Affiliates such as LV Skydiving, such that the Google Advertisements are displayed at the top of the results of Google searches for the Relevant Services, including searches specifically for LV Skydiving and LV Skydiving's Mark.

34. The Groupon Scheme includes, without limitation, Groupon setting deeply discounted prices for the Relevant Services, at least in part through the control Groupon exercises over the Groupon Affiliates.

35. The Groupon Scheme includes, without limitation, the diverting of potential consumers of the Relevant Services from non-Groupon Affiliates to Groupon Affiliates through the use of deceptive search engine optimization and metadata, such that potential consumers of the Relevant Services who conduct online searches for LV Skydiving will instead find the websites of Groupon Partners, and through such Groupon Partners be diverted from LV Skydiving to Groupon and the Groupon Affiliates.

36. The purpose of the Groupon Scheme, including the aggressive recruitment of Groupon Affiliates and the provision of the Relevant Services at deeply discounted prices, is, without limitation, to facilitate Groupon's provision of all aspects of the Relevant Services, including, without limitation, those services set forth in the Groupon Mark Registration.

37. Following the successful exclusion of any significant competition in the provision of the Relevant Services within the Market through, without limitation, the provision of all aspects of the Relevant Services at deeply discounted prices, the ultimate purpose of the Groupon Scheme is, without limitation, to raise the price of the Relevant Services.

38. Virtually every provider of the Relevant Services in the Market, other than LV Skydiving, is now a Groupon Affiliate.

39. Due to Groupon's share of the Market, Groupon is able to sell the Relevant Services at a deeply discounted price as compared to competitors, at least in part through the control Groupon exercises over the Groupon Affiliates.

40. The deeply discounted prices at which Groupon, through, at least in part, Groupon's control over the Groupon Affiliates, has sold the Relevant Services has driven down pricing for the Relevant Services in the Market as a whole, restricting competition and tending to exclude or decrease competition in the provision of Relevant Services in the Market.

41. The competitors harmed by Groupon's anti-competitive and exclusionary conduct include, without limitation, LV Skydiving.

42. As part of the Groupon Scheme, Groupon operates a program known as the "Groupon Partner Network" (the "Groupon Partner Program"), in which Groupon selects owners of websites (the "Groupon Partner(s)") to provide links to Groupon's own website and receive a percentage of any sales made through such links.

43. Groupon Partners expand the reach of Groupon's ability to provide the Relevant Services, including, without limitation, those services described in the Groupon Mark Registration.

44. Groupon exercises full control over all aspects of Relevant Services for the great majority of the Relevant Services provided in the Market, including, without limitation, through the control Groupon exercises over both the Groupon Affiliates and the Groupon Partners.

45. Groupon requires Groupon Partners to agree to the Groupon Partner Network Agreement (the "Groupon Partner Agreement") in order to participate in the Groupon Partner Program.

46. Paragraph 3(n) of the Groupon Partner Agreement states that no Groupon Partner may display "any Groupon competitors' content (as determined solely by Groupon), for any commercial purpose . . ."

7

47. Under the Groupon Partner Agreement, Groupon shares with Groupon Partners profits and/or losses accrued under the Groupon Scheme.

48. Defendant Roe Corporation and/or the Doe Defendants own and operate a website titled "Vegas Food & Fun" (the "Infringing Website").

49. Through the Infringing Website, Defendant Roe Corporation and/or the Doe Defendants provide portions of the Relevant Services directly analogous to the Groupon Information Services.

50. Defendant Roe Corporation and/or the Doe Defendants have been Groupon Partners since at least April 1, 2019.

51. As Groupon Partners, Defendant Roe Corporation and/or the Doe Defendants have necessarily agreed to the Groupon Partner Agreement.

52. Groupon and Defendant Roe Corporation and/or the Doe Defendants hold themselves out to the public within the Market as partners, and have done so since at least April 1, 2019.

53. Groupon and Defendant Roe Corporation and/or the Doe Defendants are partners within the Market.

54. The Infringing Website includes a page entitled "Las Vegas Skydiving" (the "Infringing Page"), which features detailed reviews and information regarding various businesses providing Relevant Services in the Market, including LV Skydiving; A true and accurate copy of the Infringing Page, as currently embodied as of the filing date of this Amended Complaint, is attached hereto and incorporated herein as Exhibit "4."

55. Through the Infringing Page, the Groupon/VFF Partnership provides services directly analogous to the Groupon Informational Services.

56. As of the filing of this Complaint, the Groupon/VFF Partnership updated the Infringing Page most recently on June 7, 2021.

57. On the Infringing Page, the Groupon/VFF Partnership prominently displays links to the websites of Groupon Affiliates (the "Conspiratorial Links"), which offer deeply discounted prices for the Relevant Services, while providing no links of any kind to the website of LV Skydiving.

58. On the Infringing Page, the Groupon/VFF Partnership prominently displays a request to consumers (the "VFF Consumer Request") to click on the Conspiratorial Links when purchasing the Relevant Services.

59. The VFF Consumer Request states that the VFF Defendants receive a portion of any profits from any purchases made by consumers after clicking the links on the Infringing Page.

60. Through their status as Groupon Partners, Defendant Roe Corporation and/or the Doe Defendants derive income from the Infringing Page and their provision of the Relevant Services, including, without limitation, services directly analogous to the Groupon Information Services.

61. The Infringing Page contains reviews, authored by the VFF Defendants, that treat Groupon Affiliates more positively than LV Skydiving, including statements that various Groupon Affiliates are "our winner for best skydiving," "our choice for best tandem skydiving," and "our winner for the best budget-friendly skydiving experience[.]"

62. The Infringing Page includes two photographs originally posted to LV Skydiving's website, both of which clearly depict LV Skydiving employee Sammy Vassilev engaged in the provision of the Relevant Services (the "Infringing Photos").

63. The Groupon/VFF Partnership, through the Infringing Website, displays LV Skydiving's Mark without the permission or authorization of LV Skydiving (the "Mark Infringement").

64. The Groupon/VFF Partnership never requested or obtained the permission of LV Skydiving for the use of LV Skydiving's Mark.

65. LV Skydiving never authorized the Groupon/VFF Partnership to use LV Skydiving's Mark in any manner.

66. The use of LV Skydiving's Mark on the Infringing Page causes potential consumers of the Relevant Services to be drawn to the Infringing Page when conducting online searches for LV Skydiving.

67. The Groupon/VFF Partnership, through the Infringing Website, displays the Infringing Photos without the permission or authorization of LV Skydiving (the "Photo Infringement").

68. The Groupon/VFF Partnership never requested or obtained the permission of LV Skydiving for the use of the Infringing Photos.

69. LV Skydiving never authorized the Groupon/VFF Partnership to use the Infringing Photos in any manner.

70. The potential consumers of the Relevant Services, drawn to the Infringing Page through the Mark Infringement, are then diverted to Groupon Affiliates because the Infringing Page provides links solely to Groupon Affiliates and does not provide any link to the website of LV Skydiving.

71. The Mark Infringement is a part of the Groupon Scheme, designed to steer potential consumers of the Relevant Services from non-Groupon Affiliates to Groupon Affiliates, with the goal of excluding all non-Groupon Affiliates from the Market.

72. The Groupon/VFF Partnership caused economic harm to LV Skydiving, including, without limitation, through the market power and control exercised by Groupon over the Groupon Affiliates, by offering the Relevant Services to consumers within the market at deeply discounted prices, which caused LV Skydiving's share of the market to be reduced and caused LV Skydiving's revenues and potential revenues to decrease.

73. The Groupon/VFF Partnership caused economic harm to LV Skydiving through its agreement not to deal with LV Skydiving, which caused LV Skydiving's share of the market to be reduced and caused LV Skydiving's revenues and potential revenues to decrease.

74. The Groupon/VFF Partnership, including, without limitation, through the market power and control exercised by Groupon over Groupon Affiliates, caused economic harm to LV Skydiving through use of Groupon's market share to cultivate relationships with, and steer

customers to, Groupon Affiliates within the Market, at the expense of non-Groupon Affiliates, such as LV Skydiving, which caused LV Skydiving's share of the Market to be reduced and caused LV Skydiving's revenues and potential revenues to decrease.

75. The Groupon/VFF Partnership caused economic harm to LV Skydiving through the Mark Infringement, including, without limitation, through the damage to LV Skydiving's reputation and goodwill caused by the Mark Infringement.

76. The Groupon/VFF Partnership profited from the Mark Infringement by, without limitation, diverting potential consumers of the Relevant Services from LV Skydiving to Groupon.

## FIRST CAUSE OF ACTION

## DIRECT REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)

77. LV Skydiving incorporates and realleges every allegation set forth above.

78. Through the Mark Infringement, the Groupon/VFF Partnership is using and has used LV Skydiving's Mark in commerce in connection with the sale, offering for sale, distribution, and advertising of services without LV Skydiving's consent.

79. The Mark Infringement is likely to cause confusion, cause mistake, or deceive consumers and the public with respect to the services offered in commerce by the Groupon/VFF Partnership.

80. The Groupon/VFF Partnership has willfully engaged in the Mark Infringement with knowledge that the Mark Infringement constitutes infringement of LV Skydiving's Mark.

81. The Mark Infringement has damaged, and will continue to damage, the reputation and goodwill of LV Skydiving established in connection with LV Skydiving's Mark, in violation of 15 U.S.C. § 1114.

82. LV Skydiving has sustained actual damages as a direct and proximate result of the Mark Infringement, and the Groupon/VFF Partnership is liable to LV Skydiving for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

83. The Groupon/VFF Partnership has profited as a direct and proximate result of the Mark Infringement, including, without limitation, by diverting potential consumers of the

Relevant Services from LV Skydiving to Groupon Affiliates, and the Groupon/VFF Partnership is liable to LV Skydiving for the amount of those profits pursuant to 15 U.S.C. § 1117.

84. LV Skydiving has incurred costs of suit in connection with bringing this action, and the Groupon/VFF Partnership is liable to LV Skydiving for those costs of suit pursuant to 15 U.S.C. § 1117.

85. The Groupon/VFF Partnership utilized LV Skydiving's Mark without authorization, in derogation of LV Skydiving's exclusive rights under 15 U.S.C. § 1114.

## SECOND CAUSE OF ACTION
## RESTRAINT OF TRADE UNDER 15 U.S.C. § 1

86. LV Skydiving realleges each and every allegation set forth above.

87. Groupon and Defendant Roe Corporation, and/or the Doe Defendants, entered into the Groupon Partner Agreement.

88. The Groupon Partner Agreement requires Defendant Roe Corporation, and/or the Doe Defendants, to refrain from displaying on the Infringing Website "any Groupon competitors' content (as determined solely by Groupon), for any commercial purpose[.]"

89. As both Groupon and the VFF Defendants provide portions of the Relevant Services, including, without limitation, the Groupon Information Services, the Groupon Partner Agreement is therefore a horizontal agreement between two participants in the Market.

90. The Groupon Partner Agreement constitutes an agreement between Groupon and either Defendant Roe Corporation and/or the Doe Defendants to refrain from dealing with other, competing providers of the Relevant Services, including, without limitation, LV Skydiving.

91. As a horizontal agreement in restraint of trade, the Groupon Partner Agreement represents a *per se* violation of § 1 of the Sherman Act.

92. As part of the Groupon Partner Program, Groupon and the VFF Defendants act as partners and share profits and/or losses accrued through the provision of the Relevant Services.

93. As members of a partnership, all Defendants are jointly and severally liable for the monopolization activities of all other Defendants.

94. The Groupon Partner Agreement represents a willful and predatory anticompetitive agreement between Groupon and Defendant Roe Corporation and/or the Doe Defendants, directed at restraining trade within the Market, including, without limitation, the exclusion of LV Skydiving from the Market.

95. LV Skydiving and Defendants are direct competitors in provision of the Relevant Services within the Market, in all areas of the Relevant Services, including, without limitation, services directly analogous to the Groupon Direct Services and the Groupon Information Services.

96. LV Skydiving has been injured by Defendants' conduct, in violation of § 1 of the Sherman Act, by the loss of revenues and potential revenues emanating from Defendants' restraint of trade.

97. LV Skydiving is entitled to damages in relation to LV Skydiving's actual losses as well as treble damages.

98. LV Skydiving is entitled to LV Skydiving's attorneys' fees and costs in bringing this action.

### THIRD CAUSE OF ACTION
### MONOPOLIZATION UNDER 15 U.S.C. § 2 (EXCLUSIONARY CONDUCT)

99. LV Skydiving realleges each and every allegation set forth above.

100. Defendants have gained, and have held for significant period of time, the power to exclude competition in the Market, including, without limitation, through the control Groupon exercises over the Groupon Affiliates, and through Defendants' direct interface with consumers within the Market.

101. Defendants have engaged in willful predatory, exclusionary, and anticompetitive acts directed at establishing and retaining Groupon's monopoly on the Relevant Services in the Market, including, without limitation, instituting and engaging in programs such as the Groupon Partner Program for the purpose of eventually excluding all non-Groupon Affiliates from the Market.

102. The Groupon/VFF Partnership has participated in willfully predatory and exclusionary anticompetitive acts through, without limitation, its participation in the Groupon Partner Program, including providing links solely to Groupon Affiliates, sharing Groupon profits from the Groupon Partner Program, providing more positive reviews to Groupon Affiliates than to non-Groupon Affiliates, and engaging in the Mark Infringement described above for the purpose of gaining a competitive advantage.

103. As members of a partnership, all Defendants are jointly and severally liable for the monopolization activities of all other Defendants.

104. LV Skydiving and Defendants are direct competitors in provision of the Relevant Services within the Market, including, without limitation, services directly analogous to the Groupon Direct Services and the Groupon Information Services.

105. LV Skydiving has been injured by Defendants' conduct, in violation of § 2 of the Sherman Act, by the loss of revenues and potential revenues emanating from Defendants' anticompetitive activity.

106. LV Skydiving is entitled to damages in relation to LV Skydiving's actual losses, as well as treble damages.

107. LV Skydiving is entitled to LV Skydiving's attorneys' fees and costs in bringing this action.

## FOURTH CAUSE OF ACTION
## MONOPOLIZATION UNDER 15 U.S.C. § 2 (PRICING)

108. LV Skydiving realleges each and every allegation set forth above.

109. Groupon has gained, and has held for a significant period of time, the power to control prices within the Market, including, without limitation, through the control Groupon exercises over the Groupon Affiliates, and through Defendants' direct interface with consumers within the Market.

110. Groupon exercises control over the Groupon Affiliates through the Groupon Affiliate Contracts by, without limitation, unilaterally setting prices for the Relevant Services provided by the Groupon Affiliates, directly scheduling timed appointments for the provision of

the Relevant Services by the Groupon Affiliates, using the registered trademarks of Groupon Affiliates, and unilaterally determining the nature and target markets of marketing regarding the provision of the Relevant Services by the Groupon Affiliates, including directly purchasing the Google Advertisements on behalf of the Groupon Affiliates.

111.   Groupon, including, without limitation, through the control Groupon exercises over the Groupon Affiliates, has engaged in willful predatory, exclusionary, and anticompetitive acts directed at establishing and retaining Groupon's monopoly on the Relevant Services in the Market, including, without limitation, effectuating the artificial depression of prices for the Relevant Services in the Market, for the ultimate purpose of driving non-Groupon Affiliates out of the Market.

112.   LV Skydiving has been injured by Groupon's conduct, in violation of § 2 of the Sherman Act, by losing revenue due to lost sales emanating from Groupon's anticompetitive activity.

113.   As members of a partnership, all Defendants are jointly and severally liable for the monopolization activities of all other Defendants.

114.   LV Skydiving is entitled to damages in relation to LV Skydiving's actual losses, as well as treble damages.

115.   LV Skydiving is entitled to LV Skydiving's attorneys' fees and costs in bringing this action.

## FIFTH CAUSE OF ACTION
## MISAPPROPRIATION OF COMMERCIAL PROPERTIES UNDER NEVADA COMMON LAW

116.   LV Skydiving realleges each and every allegation set forth above.

117. LV Skydiving has invested significant time, effort, and money in creating, publicizing, and protecting LV Skydiving's Mark and developing valuable goodwill arising from and associated with LV Skydiving's Mark (collectively with the Infringing Photos, "LV Skydiving's Commercial Property"), including, without limitation, investments of hundreds of thousands of dollars in financial outlays and time value in website creation and maintenance; search engine optimization; mark creation, development, and protection efforts; and advertising and promotional efforts.

118. LV Skydiving has invested significant time, effort, and money in the creation of the Infringing Photos, including, without limitation for the purpose of the use of the Infringing Photos for the promotion of LV Skydiving and the marketing of LV Skydiving to potential consumers of the Relevant Services within the Market.

119. LV Skydiving has preserved LV Skydiving's right to license, encumber, or sell LV Skydiving's Commercial Property to individuals or entities while LV Skydiving has expended substantial resources to increase the value of such potential licensing, encumbrance, or sales.

120. The Groupon/VFF Partnership misappropriated LV Skydiving's Commercial Property by using LV Skydiving's Mark for the Groupon/VFF Partnership's enrichment without appropriately compensating LV Skydiving.

121. As members of a partnership, all Defendants are jointly and severally liable for the misappropriation of LV Skydiving's Commercial Properties by all other Defendants.

122. LV Skydiving has sustained and will continue to sustain damages as a direct and proximate result of the Groupon/VFF Partnership's misappropriation of LV Skydiving's Commercial Property, and the Groupon/VFF Partnership is liable to LV Skydiving for the amount of those present and future damages.

123. LV Skydiving has been required to retain an attorney to prosecute this action, and the Groupon/VFF Partnership is liable to LV Skydiving for LV Skydiving's attorney fees to the extent allowed by law.

124. LV Skydiving has incurred costs of suit in connection with bringing this action, and the Groupon/VFF Partnership is liable to LV Skydiving for those costs of suit.

## SIXTH CAUSE OF ACTION

## UNJUST ENRICHMENT UNDER NEVADA COMMON LAW

125. LV Skydiving realleges every allegation set forth above.

126. The Groupon/VFF Partnership benefited from its infringement and misappropriation of LV Skydiving's Mark, including, without limitation, by diverting potential consumers of the Relevant Services from LV Skydiving to Groupon Affiliates.

127. The Groupon/VFF Partnership retained such benefits at the expense of LV Skydiving.

128. The benefit retained by the Groupon/VFF Partnership in equity and good conscience belonged to LV Skydiving.

129. As members of a partnership, all Defendants are jointly and severally liable for the unjust enrichment of all other Defendants.

130. LV Skydiving has sustained damages as a direct and proximate result of Defendants' acts as alleged herein, and Defendants are liable to LV Skydiving for such damages.

## PRAYER FOR RELIEF

LV Skydiving prays for judgment against Defendants as follows:

a. For three times LV Skydiving's damages caused by Defendants' restraint of trade, in violation of § 1 of the Sherman Antitrust Act pursuant to 15 U.S.C. § 15(a);

b. For three times LV Skydiving's damages caused by Defendants' exclusionary activity, in violation of § 2 of the Sherman Antitrust Act pursuant to 15 U.S.C. § 15(a);

c. For three times LV Skydiving's damages caused by Defendants' anticompetitive activity, in violation of § 2 of the Sherman Antitrust Act pursuant to 15 U.S.C. § 15(a);

d. For three times LV Skydiving's actual damages, and/or for the Groupon/VFF Partnership's profits, caused by the Mark Infringement;

|   |    |                                                                                                      |
|---|----|------------------------------------------------------------------------------------------------------|
|   | e. | For actual damages for the misappropriation by the Groupon/VFF Defendants of the LV Skydiving Commercial Properties; |
|   | f. | For permanent injunctive relief against further display or use by Defendants of LV Skydiving's Mark; |
|   | g. | For equitable relief for the unjust enrichment of Defendants at LV Skydiving's expense, in the form of disgorgement of profits and a permanent injunction; |
|   | h. | For attorney fees from Defendants for Defendants' mark infringement pursuant to 15 U.S.C. § 1117(a); |
|   | i. | For attorney fees from Defendants for Defendants' anticompetitive activity, pursuant to 15 U.S.C. § 15(a); |
|   | j. | For attorney fees from Groupon for Groupon's anticompetitive activity, pursuant to 15 U.S.C. § 15(a); |
|   | k. | For costs of suit; |
|   | l. | For prejudgment simple interest on actual damages, beginning on the date of service of this Complaint pursuant to 15 U.S.C. § 15(a); and |
|   | m. | For any other relief this Court deems appropriate. |

**DEMAND FOR JURY TRIAL**

LV Skydiving hereby requests trial by jury on all causes of action so triable.

Respectfully submitted this 10th day of January, 2022

𝕲𝖎𝖇𝖘𝖔𝖓 𝕷𝖊𝖝𝖇𝖚𝖗𝖞 𝕷𝕷𝕻

By  /s/ Daniel Joslyn
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@gibsonlexbury.com
DANIEL E. JOSLYN, ESQ.
Nevada Bar No. 14725
djoslyn@gibsonlexbury.com
3460 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120
(702) 541-7888 Telephone
(702) 541-7899 Facsimile
*Attorneys for Plaintiff*